# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK DAVENPORT, # N-80706, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-985-JPG |
| | ) |
| VIPIN SHAW and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Mark Davenport, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 against two defendants (Vipin Shaw, a physician and Jane Doe, an unidentified nurse) who allegedly denied him adequate medical care at Pinckneyville in 2015 in connection with Plaintiff's blood pressure. (Doc. 1). He sues these defendants for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment. (Doc. 1, pp. 6-8). Plaintiff seeks monetary damages against them. (Doc. 1, p. 9).

This matter is now before the Court for preliminary review. Before the Court can screen the Complaint pursuant to 28 U.S.C. § 1915A, however, it must first address Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") filed on September 13, 2017. (Doc. 2). The IFP Motion was granted pursuant to an Order dated September 29, 2017. (Doc. 9). However, for the reasons set forth herein, the Court deems it necessary to revoke Plaintiff's IFP status upon reconsideration of the matter.

**IFP Motion**

Plaintiff seeks leave to proceed IFP without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff's IFP Motion and affidavit satisfy these requirements.

However, according to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions that were dismissed prior to, as well as after, the PLRA's enactment. *See Evans v. I.D.O.C.*, 150 F.3d 810, 811 (7th Cir. 1998); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996). Plaintiff is subject to the "three strikes rule" under 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Complaint (Doc. 1, p. 3), Plaintiff only disclosed a single action, *Davenport v. Gaetz et al.,* No. 16-cv-495-NJR-DGW (pending).

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions where pauper status is not granted.

Plaintiff, however, made no mention of the following actions, each of which resulted in assessment of a strike under § 1915(g):[2] (1) *Davenport v. Lind et al.,* No. 13-cv-980-GPM (S.D. Ill,, dismissed on November 13, 2012, for failure to state a claim); (2) *Davenport v. Green et al.,* No. 13-cv-484-MJR (S.D. Ill., dismissed June 24, 2013, for failure to state a claim); and (3) *Davenport v. Szczepanski,* No. 16-cv-494-NJR (S.D. Ill., dismissed June 14, 2016, for failure to state a claim).[3]

Prior to commencing this action, Plaintiff "struck out" by filing 3 or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury. Having reviewed Plaintiff's Complaint, the Court concludes that he does not satisfy this requirement.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where she states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). Additionally, courts "deny leave to proceed IFP when a prisoner's

---

[2] Court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

[3] Plaintiff has filed an appeal of the dismissal in *Davenport v. Szczepanski,* No. 16-cv-494-NJR. Nonetheless, the district court's dismissal counts as a strike for purposes of 1915(g) review until such time as the strike has been overturned. *See Coleman v. Tollefson,* 135 S.Ct. 1759, 1761 (2015). *See also Robinson v. Powell*, 297 F.3d 540, 541 (7th Cir. 2002) (district court's issuance of a third strike counts even if the judgment is being challenged on appeal).

claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

According to the Complaint, in 2015, Plaintiff was suffering from dizzy spells and attributed that symptom to his prior diagnosis for hypertension. (Doc. 1, p. 6). Plaintiff sought testing and blood pressure medication from Shah. *Id.* Plaintiff contends that Shah refused his requests, but did order blood pressure checks. (Doc. 1, pp. 6-7). Plaintiff also contends that during the same time period, an unidentified nurse was deliberately indifferent to Plaintiff's hypertension associated medical needs. Finally, Plaintiff claims that, "as an act of retaliation" for prior complaints, Shah put a note in Plaintiff's medical records, indicating Plaintiff was refusing blood pressure medication. *Id.*

Shah eventually left employment at Pinckneyville. (Doc. 1, p. 7). Plaintiff's symptoms continued to worsen until Plaintiff was seen by a new physician; Dr. Scott. *Id.* Unlike Shah, Dr. Scott examined Plaintiff and asked questions. *Id.* Dr. Scott also instructed Plaintiff to document his symptoms. *Id.* Eventually, Dr. Scott prescribed Antivert, which Plaintiff is presently taking. *Id.* According to the Complaint, the Antivert is successfully treating Plaintiff's symptoms. *Id.*

Thus, Plaintiff's Complaint pertains to a past injury that has not recurred. Further, by Plaintiff's own admission, he is presently receiving effective treatment for his hypertension and related symptoms. In light of these considerations, the Court concludes that Plaintiff faces no imminent danger of serious physical injury and cannot overcome the 3-strikes hurdle set forth under § 1915(g). Plaintiff does not qualify to proceed in this action as a pauper, and his IFP status shall therefore be revoked.

**Warning – Litigation History**

In this Court's standard complaint form, a plaintiff is directed to list any previous lawsuits he has brought relating to his imprisonment. The Court relies on this information in order to adhere to the 3-strike restriction in 28 U.S.C. § 1915(g). As previously noted, when setting forth his litigation history in his Complaint, Plaintiff did not disclose *any* of his strikes. Plaintiff is **WARNED** that failure to clearly disclose each of his strikes in future litigatin may result in the imposition of sanctions that include dismissal of the action for attempting to commit fraud on the Court. *See Hoskins v. Dart,* 633 F.3d 541, 543 (7th Cir. 2011) (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's *in forma pauperis* status (*see* Docs. 2, 9) is **REVOKED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-one (21) days** of the date of entry of this Order (**November 30, 2017**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: November 8, 2017**

*s/J. Phil Gilbert*
United States District Judge
