IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK DAVENPORT, # N-80706, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-985-JPG |
| ) | |
| VIPIN SHAW and ) | |
| JANE DOE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Mark Davenport, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 against two defendants (Vipin Shaw, a physician and Jane Doe, an unidentified nurse) who allegedly denied him adequate medical care at Pinckneyville in 2015 in connection with Plaintiff's blood pressure. (Doc. 1). He sues these defendants for exhibiting deliberate indifference to his medical needs in violation of the Eighth Amendment. (Doc. 1, pp. 6-8).

Plaintiff was initially granted leave to proceed in District Court without prepaying fees or costs ("IFP"). However, the Court subsequently determined that, prior to commencing this action, Plaintiff "struck out" by filing three or more prisoner actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Accordingly, on November 8, 2017, finding that Plaintiff did not meet the imminent danger requirement, the Court revoked Plaintiff's IFP status. (Doc. 11). The Court ordered Plaintiff to pay the filing fee no later than November 30, 2017.

On November 28, 2017, Plaintiff mailed a Motion for Voluntary Dismissal (Doc. 12) to the Court (placed in the prison mailbox system on November 28, 2017 and received by the Court on December 4, 2017). Plaintiff seeks to dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)(1). Seeking voluntary dismissal of the action at this early stage is Plaintiff's right. *See* FED. R. CIV. P. 41(a)(1)(A)(i).

Accordingly, Plaintiff's Motion to Voluntarily Dismiss this case is **GRANTED**. The action is hereby **DISMISSED** without prejudice. The Court will not assess a strike. However, Plaintiff's obligation to pay the filing fee for the action was incurred at the time the original action was filed, thus the filing fee of $400.00 remains due and payable despite Plaintiff's request for voluntary dismissal. See 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998) (A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 7, 2017**

s/J. Phil Gilbert
United States District Judge
